IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. CV03-017-N--EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| E. B. WEISS, et al, ) | |
| ) | |
| Defendants. ) | |

      Pending before the Court in the above-entitle matter is Defendant E.B. Weiss' motion for reconsideration of the Court's order granting Plaintiff's motion for summary judgment. (Dkt. No. 47). Neither the Federal Rules of Civil Procedure nor the Local Rules provide for a motion to reconsider. However, the Ninth Circuit has stated that motions to reconsider should be treated as motions to alter or amend under Federal Rule of Civil Procedure 59(e). Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1419 (9th Cir. 1984). The scope and purpose of such a motion have been analyzed as follows:

> Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. (Citations omitted). These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. (Citations omitted). Moreover they cannot be used to argue a case under a new legal theory. (Citations omitted).

Federal Deposit Insurance Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986);

> Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.
> . . .
> [A] rehash of the arguments previously presented affords no basis for a revision of the Court's order.

Illinois Central Gulf Railroad Company, v. Tabor Grain Company, 488 F.Supp. 110, 122 (N.D. Ill. 1980).

MEMORANDUM ORDER - Page 1
05ORDERS\Weiss.WPD

Where Rule 59(e) motions are merely being pursued "as a means to reargue matters already argued and disposed of and to put forward additional arguments which [the party] could have made but neglected to make before judgment, [S]uch motions are not properly classifiable as being motions under Rule 59(e)" and must therefore be dismissed. Davis v. Lukhard, 106 F.R.D. 317, 318 (E.D. Va. 1984). See also, Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983) ("Plaintiff improperly used the motion to reconsider to ask the Court to rethink what the Court had already thought -- rightly or wrongly."). The Ninth Circuit has identified three reasons sufficient to warrant a court's reconsideration of a prior order: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice. School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Upon demonstration of one of these three grounds, the movant must then come forward with "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Haw. 1996).

## DISCUSSION

The applicable order was entered on March 31, 2005. The instant motion for reconsideration was filed on October 31, 2005. Any motion made pursuant to Rule 59(e) must be made within ten days. Motions raised pursuant to Rule 60 must be made within a reasonable time. As this motion was filed seven months after entry of the Court's order and after Defendant had filed an appeal the Court finds the motion is untimely. The Court also finds the motion fails to raise newly discovered evidence, clear error, manifest injustice, and/or an intervening change in the controlling law. Instead, the motion asks the Court to again consider the arguments previously raised. The Court is not afforded such luxury nor is such an exercise appropriate on a motion for reconsideration. Regardless, the Court has reviewed its previous order (Dkt. No. 47) and arrives at the same conclusions.

## ORDER

Based on the foregoing and being fully advised in the premises, **HEREBY ORDERS** that the Defendant's motion for reconsideration (Dkt No. 61) is **DENIED**.



DATED: **November 3, 2005**

Honorable Edward J. Lodge
U. S. District Judge